IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADFORD LEE ARRINGTON, II,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 2:06-MC-0104 LKK-KJM-PS<br><br><br><br>**FINDINGS AND RECOMMENDATIONS** |

   This matter came before the court on February 28, 2007, for hearing on the Petition to Quash Internal Revenue Service Summonses brought by Bradford Lee Arrington, II ("Petitioner"), and the United States' Motion to Enforce Internal Revenue Service Summonses. Mr. Arrington appeared *pro se*; Justin S. Kim of the U.S. Department of Justice, Tax Division, appeared on behalf of the United States. Upon consideration of the Petition, the Motion, and the supporting papers, the court makes the following findings and recommendations.

   On September 20, 2006, Internal Revenue Service ("IRS") Revenue Agent Alan Keene issued and served four administrative summonses on Bank of America, US Bank National Association, West America Bank, and Trust Company of America, seeking information and documents relating to Petitioner's federal income tax liabilities for the tax years 1999 through 2004. Declaration of Alan Keene ("Keene Decl.") ¶¶ 3, 4, 10, 11. Petitioner filed this action to quash the IRS summonses on October 10, 2006. The United States opposed the Petition and also moved to enforce the summonses on December 21, 2006.

The standard and burden of proof in a proceeding to quash IRS summonses are identical to those in a proceeding to enforce IRS summonses. Crystal v. United States, 172 F.3d 1141, 1143-44 (9th Cir. 1999). In either case, the United States must establish a *prima facie* case that meets the requirements set forth in United States v. Powell, 379 U.S. 48, 57-58 (1964). Id.; see also Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995).

To establish a *prima facie* case under Powell, the United States must demonstrate that the summonses: (1) are issued for a legitimate purpose; (2) seek information relevant to that purpose; (3) seek information that the IRS does not already possess; and (4) satisfy all administrative steps required by the United States Code. Powell, 379 U.S. at 57-58; Fortney, 59 F.3d at 119. The government's burden under Powell is a "slight one" that is typically satisfied "by the introduction of the sworn declaration of the revenue agent who issued the summons that the Powell requirements have been met." Fortney, 59 F.3d at 120. Once the United States has established a *prima facie* case, the burden of proof shifts to the taxpayer who must then bear the "heavy burden" of showing an "abuse of process" or "the lack of institutional good faith." Crystal, 172 F.3d at 1143-44.

The evidence submitted by the United States satisfies its burden to establish a *prima facie* case under Powell. The Declaration of Revenue Agent Keene states that the IRS summonses were issued for the legitimate purpose of examining Petitioner's federal income tax liabilities for the tax years 1999 through 2004. Keene Decl. ¶¶ 2, 10, 11. The information and documents sought by the summonses include bank and financial statements for accounts held by Petitioner with third-party institutions, which may be relevant to this legitimate purpose. See id. ¶ 11. According to Revenue Agent Keene, the IRS does not already possess the information sought by the summonses, and all administrative steps required by the Internal Revenue Code have been followed. Id. ¶¶ 12, 13. This satisfies the United States' burden under Powell, and the burden of proof shifts to Petitioner to show why the summonses should not be enforced. See, e.g., Fortney, 59 F.3d at 119.

Petitioner argues that the IRS summonses are defective because Revenue Agent Keene does not have the legal authority to issue summonses. He maintains that only the Secretary of the Treasury has the authority to issue summonses under 26 U.S.C. § 7602. See Petition to Quash at 2. According to Petitioner, the certain IRS regulations implementing this authority are only "interpretative"

regulations.  Id. at 3-4.  The United States rebuts Petitioner's argument by pointing to 26 C.F.R. §301.7602-1 and IRS Delegation Order No. 4 (Rev. 22).  These regulations delegate the Secretary's authority to issue IRS summonses to the Commissioner of the IRS and then to employees of the IRS, including "Internal Revenue Agents."  Opp'n at 5.

In United States v. Derr, 968 F.2d 943, 947 (9th Cir. 1992), the Ninth Circuit upheld the delegation from the Commissioner to IRS revenue agents of the authority to issue all types of summonses except for special "John Doe" summonses subject to 26 U.S.C. § 7609(f).  The summonses here are not subject to § 7609(f).  The court therefore finds that Revenue Agent Keene had the authority to issue the IRS summonses to the third-party financial institutions and that Petitioner fails to demonstrate why the summonses should not be enforced.

For the foregoing reasons, the court hereby recommends that the Petition to Quash Internal Revenue Service Summonses be denied and that the United States' Motion to Enforce Internal Revenue Service Summonses be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, either party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 7, 2007.

_____
U.S. MAGISTRATE JUDGE